JUSTICE COTTER
concurring and dissenting.
¶32 I concur in our resolution of Issues 1 through 4 and dissent from our disposition of Issue 5.
¶33 In my judgment, there were insufficient findings of fact to support the District Court’s summary conclusion that Sara was not entitled to *195 maintenance. This Court notes at ¶ 29 that James testified that either in Wisconsin or Montana, Sara would be employable as an entry level psychologist at an annual salary of $29,000 to $32,000. However, the District Court found that a person with Sara’s academic credentials could earn approximately $30,000 in Helena, Montana. The only finding concerning Sara’s earning potential in Wisconsin, where she and the children actually reside, is that she earns $75 per day as a substitute teacher. Sara argues, and I agree, that it was error for the District Court to impute to her an annual income in the state of Wisconsin, when there was no finding that she could earn such sums in Wisconsin, and in light of the fact that she is unlicensed and has not worked in her professional field since 1989.
¶34 I would remand for the entry of findings of fact and conclusions of law consistent with the requirements of § 40-4-203(1), MCA, and, in the event there are insufficient facts in the record to satisfy the analysis required, for a further hearing on the issue of maintenance. I dissent from our refusal to do so.